# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jametria Mays,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>Powder Coating Plus, Inc, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-00234-JAD-MDC<br><br>**ORDER**<br><br>Application to proceed in forma pauperis (EFC No. 2) and Complaint (ECF No. 2-2) |

Pro se plaintiff Jametria Mays filed an *application to proceed in forma pauperis* (IFP) and a *complaint.* ECF Nos. 2 and 2-2. The Court grants her IFP application and dismisses her claims for plaintiff's claims for sexual harassment, hostile work environment, FMLA claim, and racial discrimination, without prejudice with leave to file an amended complaint. *Id.* If plaintiff does not file an amended complaint, the Court will recommend that only her claim for retaliation should move forward.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether plaintiff may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether plaintiff's complaint states a plausible claim for relief.

### I.     Whether plaintiff may proceed in forma pauperis

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff filled out the Court's long form. ECF No. 2. She states that she receives $1,220 a month in disability and government assistance. *Id.* She states that she spends $1,000 a month on rent. *Id.* The Court grants her IFP application.

**II.     Whether plaintiff's complaint states a plausible claim**

   a. **Legal standard**

Since the Court grants plaintiff's IFP application, the Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

   b. **Complaint**

Plaintiff alleges that she is an African-American woman, and that she used to be employed by

Powder Coating Plus, Inc from 2020 through 2022. ECF No. 2-2. Plaintiff alleges that her employer subjected her to racial discrimination and sexual harassment during her time working there. *Id.* Plaintiff alleges that the owner of the company was dating her manager. *Id.* Plaintiff also alleges that she experienced a hostile work environment which she reported, and it led her to take medical leave. *Id.* Her examples of a hostile work environment include being threatened by the owner of the company (that he would throw her in Lake Mead), throwing things at her desk, and changing the locks to her workplace. *Id.* She alleges that other employees had more beneficial conditions. *Id.* She alleges that other employees received free lunches and car washes, but she does not specify if these benefits were given to non-African American employees. *Id.* She alleges that when she took medical leave due to the hostile work environment in 2022, her employer retaliated against her by firing her. *Id.* She alleges she filed a complaint with the EEOC and received a right to sue letter. *Id.*

### i. The Court liberally construes plaintiff's sexual harassment claim as part of her hostile work environment claim

Plaintiff does not allege any subjection to sexual conduct that was linked to any adverse employment action. She alleges that the work environment was hostile and that the owner was dating her manager. The Court therefore liberally construes her sexual harassment claim as part of her hostile work environment claim. A hostile work environment must be objectively hostile, i.e., a reasonable person would find the environment hostile, and subjectively hostile. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993). A hostile work environment claim cannot be maintained where the misconduct is not severe or pervasive enough to create an objectively hostile environment. *Id.* at 21-22. Objective severity is "judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81, 118 S. Ct. 998, 140 L. Ed. 2d 201 (1998).

Plaintiff's complaint does not assert conduct which is sufficiently severe or pervasive. She alleges only that the owner dated her manager. She describes a few incidents, such as her boss threatening her, locking her out, and throwing things at her desk, but she provides few details regarding how and when the incidents took place. See *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S. Ct. 2275, 141 L. Ed. 2d 662 (1998) (conduct must amount to something more than simple teasing, offhand comments, or isolated incidents (unless extremely serious)). Plaintiff's Title VII claim for sexual harassment that created a hostile work environment should be dismissed with leave to amend to correct the noted deficiencies, if possible. To the extent that plaintiff is attempting to make a separate claim for sexual harassment, she must make her allegations pertaining to sexual harassment clearer in her amended complaint.

### ii. Retaliation and Potential FMLA Claim

Title VII also prohibits taking certain actions against an employee in retaliation for activity protected under Title VII. 42 U.S.C. § 2000e-3(a). In a retaliation claim, the plaintiff must show that he or she engaged in a protected activity, was subjected to adverse employment action and a causal link exists between the two. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008); *Passantino v. Johnson & Johnson*, 212 F.3d 493, 506 (9th Cir. 2000).

Plaintiff alleges that she reported a hostile work environment and took medical leave, and that was subjected to adverse employment action when she was fired. She thus states a colorable claim for retaliation under Title VII. It is unclear whether plaintiff seeks to assert a separate claim for a violation of the Family Medical Leave Act (FMLA) or whether she only references it as proof of her alleged retaliation claim as she only makes vague references to her medical leave. To the extent Plaintiff attempts to assert an FMLA claim, it should be dismissed with leave to amend.

### iii. Racial Discrimination

"To state a claim under [Title VI], a plaintiff must allege that (1) the entity involved is engaging

in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir.1994), overruled on other grounds, *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001). To survive screening, plaintiff's claim of racial discrimination must have facial plausibility, meaning the "factual content [must] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929). Plaintiff must allege that she "is being subjected to differential treatment." See *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 174, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005) (first citing *Olmstead v. L. C.*, 527 U.S. 581, 614, 119 S. Ct. 2176, 144 L. Ed. 2d 540 (1999) (Kennedy, J., concurring in judgment) (the "normal definition of discrimination" is "differential treatment"); and then citing *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 682, n. 22, 103 S. Ct. 2622, 77 L. Ed. 2d 89 (1983) (discrimination means "less favorable" treatment)).

Plaintiff's allegations are sparce. She alleges that she was discriminated against based on her race. She alleges that other employees received free lunches and car washes, but she does not state the race of the other employees. Plaintiff does not allege that she was treated differently or less favorably than the other employees based on her race. Even taking plaintiff's factual allegations as true, the Court is unable to draw the reasonable inference that the defendants discriminated against the plaintiff based on her race.

### c. Conclusion

Plaintiff has articulated one plausible claim of retaliation, but the rest of her claims are not plausible. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining how this Court has jurisdiction over the defendants, the circumstances of the case, the relief plaintiff seeks, and the law upon which she relies in bringing the case. The amended complaint must be "complete in and of itself without

reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

**It is so Ordered:**

1. That plaintiff Jametria Mays's *application to proceed in forma pauperis* (ECF No. 2) is GRANTED.

2. That the Clerk of Court shall file the *complaint* (ECF No. 2-2).

3. That plaintiff's claims for sexual harassment, hostile work environment, FMLA claim, and racial discrimination are DISMISSED without prejudice with leave to amend.

4. That plaintiff has until **Monday, April 1, 2024**, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

5. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

6. If plaintiff does not file an amended complaint, the Court will recommend that her case proceed on her single claim of retaliation only.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

It is so ordered.

Dated this 29th day of February 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge